UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JULIE A. SMITH, ) | |
| ) | |
| Plaintiff/ Counter-Defendant, ) | |
| ) | |
| v. ) | No. 4:07 CV 69 |
| ) | |
| LAFAYETTE BANK & TRUST, ) | |
| ) | |
| Defendant/ Counter-Claimant. ) | |

## OPINION and ORDER

This matter is before the court on plaintiff/counter-defendant Julie Smith's Motion for Leave to File Exhibits in Support of Her Response to Defendant's Motion for Summary Judgment Under Seal, filed on October 5, 2009. (DE # 75.) Defendant/counter-claimant Lafayette Bank and Trust has not filed a response, and the time to do so has passed.

"What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Therefore, the benchmark litigants must reach in order to seal any part of the record is "good cause" pursuant to RULE 26(c) of the FEDERAL RULES OF CIVIL PROCEDURE. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). As the Seventh Circuit Court of Appeals explained in *Baxter International, Inc., v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002), secrecy is generally permitted during the discovery period of a case; however, the public has an interest in the small subset of discovery which underpins a court's ultimate decision. Although *Baxter* involved a litigant's attempt to seal portions of an appellate record, Judge Easterbrook's reasoning in the case is

instructive in analyzing the motion to seal presently before this court because Smith wishes to seal from the public the very documents upon which she feels this court should base its ruling on the motions for summary judgment.

In support of her motion, Smith states that the exhibits offered in support of her response briefs should be sealed because they consist of "alleged confidential and proprietary customer, employee, and business information, and it would be unfeasable, unduly burdensome, and virtually impossible to separate them all out." (DE # 75 ¶ 6.) Smith's perfunctory justification for sealing approximately 150 exhibits fails to establish good cause and falls short of *Baxter*'s requirement that a motion to seal "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 548; *see also Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No. 1:96-cv-1718-DFH-TAB, 2007 WL 141923, at *2 (S.D. Ind. Jan. 16, 2007) (collecting cases detailing the "limitations on sealed filings . . . repeatedly emphasized by the District Courts in the Seventh Circuit and by the Seventh Circuit Court of Appeals.").

Moreover, a cursory review of Smith's exhibits illustrates the overbreadth of her request. Exhibit 1, for instance, is a copy of Lafayette Bank and Trust's employee handbook. Exhibit 4 is a copy of the bank's teller balancing criteria for 2004. Exhibit 5 is a copy of the bank's branch manager performance standards. There is no indication whatsoever that any of these document contain "trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin*, 439 F.3d at 348.

In light of the foregoing, plaintiff/counter-defendant's Motion for Leave to File Exhibits in Support of Her Response to Defendant's Motion for Summary Judgment Under Seal (DE # 75) is hereby **DENIED**. Should Smith wish to preserve the confidentiality of her exhibits in support of her opposition to summary judgment, she shall file a motion establishing good cause consistent with the limitations on sealed filings set forth by the Seventh Circuit Court of Appeals by December 18, 2009. Otherwise, Smith is ordered to file her unsealed exhibits with the clerk of this court by December 18, 2009.

**SO ORDERED.**

Date: December 7, 2009

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT